UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JACQUELINE JACOBS

    Plaintiff,

v.       CASE NO:
    HON:

COUNTY OF LAKE, SETH ROSEBROOK, JAMES BUSCAINO,
BRAD NIXON, CHAD HURRLE AND LINO JOHNSON

    Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>THOMAS P. KERR (P84864)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321 (fax)<br>Thomas.kerr@cjtrainor.com | |
|---|---|

THERE IS NO OTHER PENDING OR RESOLVED ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT.

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **JACQUELINE JACOBS**, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for her Complaint against the above-named Defendants states as follows:

1

1. Plaintiff is currently a resident of the City of Baldwin, County of Lake, State of Michigan.

2. Defendant County of Lake is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Michigan.

3. Defendants Seth Rosebrook, James Buscaino, Brad Nixon, Chad Hurrle and Lino Johnson are and/or were police officers working and/or assigned to the Lake County Sheriff's Office and at all times mentioned herein were acting under color of law, in their individual and official capacities, and within the course and scope of their employment.

4. All events giving rise to this lawsuit occurred in the City of Baldwin, County of Lake, State of Michigan.

5. This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983. Plaintiff also has viable state law claims.

6. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question] and 28 U.S.C § 1343 [civil rights].

7. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs and attorney fees.

## FACTS

8. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9. That on September 30, 2020, Plaintiff was at the Lake County Courthouse, located at 800 Tenth Street, Baldwin, Michigan 49304.

10. That while Plaintiff was inside the Courthouse, Defendants approached Plaintiff and arrested her for Resisting and Obstructing Arrest.

11. That while Plaintiff was being arrest, Defendant Johnson groped and fondled Plaintiff.

12. That Plaintiff was taken to Lake County Jail.

13. That Plaintiff's charge was dismissed.

14. As a result of Defendants' unlawful and excessive actions and/or inactions, Plaintiff suffered significant injuries and damages.

## COUNT I
## VIOLATIONS OF THE FOURTH AMENDMENT

15. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

16. At all relevant times herein, the individual Defendants acted under color of law, within the scope and course of their employment, and in their official and individual capacities.

17. Defendants violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures.

18. The actions of Defendants were at all times objectively unreasonable in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United State Constitution which proximately resulted in significant injuries to Plaintiff.

19. Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment rights.

20. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by Defendants, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs and attorney fees.

## COUNT II
## COUNTY OF LAKE CONSITUTIONAL VIOLATIONS

21. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

22. Defendant County of Lake acted recklessly and/or with deliberate indifference when they practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff.

23. That these customs and/or policies and/or practices included, but were not limited to, the following:

    a. Failing to adequately train and/or supervise its police officers so as to prevent violations of citizen's constitutional rights;

    b. Failing to adequately train and/or supervise police officers regarding reasonable searches and seizures.

    c. Failing to supervise, review, and/or discipline police officers whom Defendant County of Lake knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging their police officers to engage in such conduct; and

    d. Failing to adequately train and/or supervise their police officers in the proper policies and procedures for conducting reasonable searches and seizures.

24. Defendants' conduct demonstrated a substantial lack of concern for whether an injury resulted.

25. Defendants' acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

26. The facts set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and/or Fourteenth Amendment rights pursuant to 42 U.S.C § 1983, and Plaintiff has a viable claim for compensatory and punitive damages, plus interest, costs, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**s/ Thomas P. Kerr**
CHRISTOPHER J. TRAINOR (P42449)
THOMAS P. KERR (P84864)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
Thomas.Kerr@cjtrainor.com

Dated: December 14, 2021
TPK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

JACQUELINE JACOBS

    Plaintiff,

v.                                          CASE NO:
                                             HON:

COUNTY OF LAKE, SETH ROSEBROOK, JAMES BUSCAINO, BRAD NIXON, CHAD HURRLE AND LINO JOHNSON

    Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>THOMAS P. KERR (P84864)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321 (fax)<br>Amy.derouin@cjtrainor.com<br>Thomas.kerr@cjtrainor.com | |
|---|---|

## **DEMAND FOR TRIAL BY JURY**

**NOW COMES** Plaintiff, **JACQUELINE JACOBS**, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a demand for trial by jury in the above-entitled cause.

          Respectfully Submitted,
          CHRISTOPHER TRAINOR & ASSOCIATES

          **s/ Thomas P. Kerr**
          CHRISTOPHER J. TRAINOR (P42449)
          THOMAS P. KERR (P84864)
          Attorneys for Plaintiff
          9750 Highland Road
          White Lake, MI  48386
Dated: December 14, 2021   (248) 886-8650
TPK   Thomas.Kerr@cjtrainor.com